DECISION
This is an appeal from an Order of the General Master entered on January 10, 1996, pursuant to G.L. 1956 (1985 Reenactment) § 8-2-39(e), as amended. This Court has by Administrative Order No. 94-12, dated June 22, 1994, established rules of procedure for review of such Orders. In accordance with those rules the appealing party, Fleet National Bank, on June 11, 1996, filed a notice of appeal and transcripts of the hearings on February 10 and March 14, 1995, before General Master McAtee. The appellant filed its memorandum on September 9, 1996, and pursuant to notice by the Court, the appellee filed his supplemental memorandum on September 26, 1996. Pursuant to the provisions of § 8-2-39 (e) and paragraph (h) of Administrative Order 94-12 this Court will make a de novo
determination without further hearing based on the record made before the General Master and the written argument of the parties. Although the appellant may not have complied with all the provisos of that Administrative Order, they are not jurisdictional. Dismissal of its appeal is too unjust a sanction to impose for an easily understood non-compliance.
The defendant, Dennis R. Evans, was informed against in this case on October 9, 1991, on two counts of violations of dangerous weapons laws and five counts of violations of controlled substances laws. On June 9, 1993, the attorney general dismissed all counts of the information against this defendant under Rule 48 (a) of our Rules of Criminal Procedure for the reason that the defendant had been convicted and sentenced for the same conduct in a court of the United States. On October 24, 1994, the defendant moved that $7,100 seized from him on August 16, 1991, by police officers of the Town of Warren be returned to him. According to documents filed by the Attorney General with the information, two officers of the Warren Police Department, who had stopped a vehicle, did seize $7,100 in cash from the vehicle, along with quantities of controlled substances, needles and syringes, a pistol and ammunition, among other evidence.
The motion was referred to the General Master by the Court on November 28, 1994. On December 7, 1994, Fleet National Bank filed a motion for return o it of the cash seized by the Warren police. Fleet National Bank claimed that the money was part of the loot robbed from it a short time before.
On February 10, 1995, in the course of the hearing the General Master ruled that the appellant had standing to be heard. The General Master correctly permitted Fleet National Bank to intervene.
The defendant testified that the money belonged to him. He claimed it was the proceeds of the sale of an automobile and a motorcycle, the fruits of gambling success and the remains of money he borrowed from friends. On cross-examination the defendant denied having had any part in the robbery of the Fleet branch on Bald Hill Road on August 9, 1991. He was arrested by the Warren police seven days later. The defendant was unable on cross-examination to account accurately for his activity after the date of the robbery, nor to explain reasonably what his means of support had been between his earlier escape from prison in May of 1991 and his arrest in August of that year.
Detective Christopher DiComitis, of the Warren police testified that money was seized from Dennis Evans on August 16, 1991. So far as material to this case, two evidence envelopes contained one thousand dollars each, one contained two thousand dollars and a fourth contained thirty-one hundred dollars. These funds had remained in the continuous possession of the Warren police department.
The appellant offered the testimony of Darrell Kroll, who admitted participating in the robbery at the Fleet branch, but only as an accessory, a lookout. He testified that Dennis Evans committed the robbery. According to this witness Dennis Evans kept his share of the loot in a black briefcase, which was in the car when he and the defendant were arrested. The General Master found this witness to be unworthy of belief. So does this Court. So apparently does the Attorney General, who has declined to retry the defendant on the robbery conspiracy charge. His testimony can be given no weight whatever.
Mr. Dean Wilkinson was called by the defendant. Like Mr. Kroll, he, too, admitted to participating in the bank robbery. Like Mr. Kroll, he claimed to be only an accessory, the driver of the getaway car. He testified that Mr. Kroll was the actual perpetrator of the robbery. According to him Dennis Evans wasn't involved at all. He testified that Darrell Kroll kept most of the loot. The General Master found this witness, also as does this court, to be unbelievable.
This Court concludes that the General Master unerringly found both of these thieves to be utterly unbelievable.
That leaves only the following facts as having been established by credible evidence:
1. Darrell Kroll and Dean Wilkinson robbed the Fleet National Bank on August 9, 1991.
2. Approximately $20,000 was stolen from the bank in that robbery.
3. On August 16, 1991, Dennis Evans was arrested and a black briefcase containing $7,100 in currency was seized from the automobile in which he was traveling.
4. Dennis Evans was convicted in Federal Court for crimes involving the possession of other contraband seized during the arrest, but has no charge which remains pending against him in connection with the robbery.
The General Master found: ". . . no direct link has been established between Fleet and the funds in question." He is now completely correct.
The Supreme Court vacated the judgment of conviction of the crime of conspiring to rob the Fleet National Bank against Dennis Evans and remanded the case for a new trial. State v. Evans,668 A.2d 1256 (R.I. 1996). The Attorney General thereafter dismissed the indictment under Rule 48 (a). Thereupon, anyreliable evidentiary link, direct or circumstantial, between Dennis Evans and the currency stolen from the bank disappeared.
Accordingly, the decision and order of the General Master will be affirmed.
A final judgment may be entered in accordance with the Order of the General Master.