STATE

v.

Dennis EVANS.

No. 95–709–C.A.

Supreme Court of Rhode Island.

Jan. 3, 1997.

Jane McSoley, Aaron Weisman, Providence.

Richard Corley, Providence.

### ORDER

Convicted of bank robbery in the Superior Court, the defendant, Dennis Evans, appeals from the denial of his new-trial motion. We issued an order assigning his appeal to the show-cause calendar to determine if this matter could be decided without further briefing and argument. After reviewing the memoranda submitted by the parties and hearing their arguments, we conclude that cause has not been shown. Therefore, we shall proceed to address the merits of the defendant's appeal at this time.

The defendant claims that his motion for a new trial was improperly denied because, among other reasons, the state failed to disclose before trial various agreements it allegedly made with Darrell Kroll (Kroll), one of the key witnesses who testified against defendant at trial. *See State v. Evans*, 668 A.2d 1256 (R.I.1996) (*Evans* I) (reversing same defendant's conviction for another bank robbery because the state negligently failed to comply with discovery requests and to disclose all the promises, inducements, and rewards it extended to Kroll, the only witness who implicated defendant in the rob-

bery). For example, defendant claims that the state failed to disclose to him that it agreed to write a favorable letter on Kroll's behalf to the parole board if he cooperated by testifying against defendant. During oral argument the state was unable to answer questions posed concerning whether it had disclosed any and all other promises and agreements to provide Kroll with additional favorable consideration in exchange for his testifying against defendant. For example, defendant claimed that in addition to failing to disclose its promise of a favorable parole board letter, the state also failed to disclose its promise to drop other pending criminal charges against Kroll if he testified against defendant. *See generally Evans* I, 668 A.2d at 1258–59 (detailing Kroll's criminal history and the terms of a deal the state had made with him to obtain his testimony).

Because the record is unclear concerning exactly what was disclosed to defendant and whether, considered in light of all the pertinent facts, any of the alleged nondisclosures would have prejudiced defendant, we remand this matter to the trial justice so that he can reconsider defendant's new-trial motion in this respect. Moreover, because the trial justice did not have the benefit of our decision in *Evans* I when he ruled on defendant's new-trial motion, he should also consider the facts set forth therein (concerning Kroll's criminal history and the state's agreement with Kroll) to determine whether such information was disclosed to defendant in this case.

Accordingly, we vacate the trial justice's decision denying the defendant's motion for a new trial and remand this matter to him for a new hearing so that appropriate additional findings can be made concerning what evidence the state disclosed or failed to disclose to the defendant about its dealings with Kroll and about any agreements, promises, or inducements it gave to him in connection with his testifying against the defendant at trial. If the trial justice determines that there should be a new trial, he should so order. If

the motion is denied, then the papers in the case should be returned to us forthwith.

BOURCIER, J., did not participate.