STATE

v.

Christopher **LANGSTAFF.**

No. 2008–44–C.A.

Supreme Court of Rhode Island.

May 11, 2010.

Lauren S. Zurier, Department of Attorney General, for Plaintiff.

Marie T. Roebuck, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice ROBINSON for the Court.

The defendant, Christopher Langstaff, appeals from his conviction by a jury in the Newport County Superior Court on a single count of second-degree child molestation sexual assault. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of conviction and remand the case to the Superior Court for a new trial.

## I

### Facts and Travel

On November 7, 2005, defendant was charged by criminal information with two counts of second-degree child molestation sexual assault in violation of G.L. 1956 § 11–37–8.3 and § 11–37–8.4.

Count 1 related to an incident which allegedly occurred in June of 2000. Count 2 related to an incident which allegedly occurred on a date between June 1, 2001 and July 31, 2001. A jury trial was held in the Newport County Superior Court on June 5, 6, and 7, 2007. We summarize below the most pertinent testimony from that trial.

The complaining witness, Chelsea,[1] is defendant's daughter. Chelsea, who was thirteen years old at the time of trial, testified that she lived in Jacksonville, Florida with her mother, stepfather, and stepbrother. She further testified that, when she was growing up, she generally saw her father, who lived in Rhode Island, once a year; as of the time of trial, the last time that she had seen her father was when she was nine years old.

Chelsea testified that, in the Summer of 2000, she flew alone from Florida to Rhode Island so that she could visit her father, who was living in Newport. Chelsea proceeded to testify that, one morning during that particular visit to Rhode Island, defendant made her rub his penis; she stated that that act had occurred "a couple of days" after her seventh birthday (which was on June 15). Chelsea described what defendant did as follows: "My dad made me touch him. He put my hand on his penis and gave me direction to rub it up and down." Chelsea stated that defendant's penis was outside of his pants when the just-described act took place.[2] Chelsea also testified that her father had told her "not to tell" anyone what had happened. She stated that she returned to Jacksonville shortly after this alleged incident.

Chelsea further testified that, in the Summer of 2001, she once again flew to Rhode Island in order to visit her father. With respect to that visit, the prosecutor proceeded to ask Chelsea: "[I]n the summer of 2001, was there a point where you took a shower with your father?" Defense

---

1. We identify the complaining witness pseudonymously in order to protect her privacy.

2. This just-referenced testimony formed the basis for count 1.

counsel immediately objected to this question.

Outside the presence of the jury, defense counsel stated to the trial justice that he "was only made aware [on that] morning, with a supplemental answer to discovery, that the State intended to introduce evidence where [his] client took a shower and * * * that he instructed his daughter to touch his penis there." Defense counsel stated that the prosecution's information package (which had been provided to defendant during discovery) did make reference to an incident in which defendant and Chelsea took a shower together in the Summer of 2001, but did not mention the alleged additional fact that there had been sexual contact between defendant and Chelsea in the shower. Defense counsel further expressed his concern that the prosecution might use Chelsea's anticipated testimony about alleged sexual touching in the shower as the factual basis for count 2.[3]

The trial justice decided to allow Chelsea's testimony relative to the shower incident pursuant to the "lewd disposition" exception that our Rule 404(b)[4] jurisprudence has recognized.[5] Defense counsel restated his objection to the introduction of the belatedly disclosed testimony by Chelsea concerning the alleged sexual touching in the shower. He argued that the introduction of such testimony was "certainly going to confuse the jury [since] they are hearing 404(b) material before

they hear the actual allegation that they are supposed to deliberate." He further stated that he was "afraid we're going to have a jury back there not knowing exactly what the State means by Count 2." The trial justice responded that he was "not sure there is going to be a Count 2 because the last [he] knew, the prosecution advised the Court that this is the only sexual act that they believe they will offer relative to events in 2001."

Chelsea was then permitted to testify that she and her father (both of whom being unclothed) took a shower together in the Summer of 2001. Chelsea testified that, while in the shower, she touched and rubbed her father's penis "[b]ecause he told [her] to." After Chelsea's testimony regarding the shower incident, the trial justice instructed the jury that he had "admitted this evidence for [the jury's] consideration for a very limited purpose, and that is, to decide whether or not the defendant exhibits a lewd disposition toward the witness, his biological daughter."

At the conclusion of the prosecution's case-in-chief, the trial justice granted defendant's motion to dismiss count 2 pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure. The trial justice explained his reasoning as follows:

"I am granting the motion. The short answer to why it has to be dismissed, in my view, is that the information package contained information to the effect that there was no sexual contact in the show-

3. In response to defendant's December 20, 2005 motion for a bill of particulars, the prosecution provided the following information as to count 2:

"Date of Offense: On a day and date between June 1, 2001 and July 31, 2001.
"Time of Offense: Exact times unknown to the State at this time.
"Place of Offense: 42 Golden Hill Street, Newport, RI."

4. Rule 404(b) of the Rhode Island Rules of Evidence; *see State v. Robinson,* 989 A.2d 965, 980 (R.I.2010); *State v. Merida,* 960 A.2d 228, 232 n. 8 (R.I.2008) (discussing the term "Rule 404(b) evidence").

5. *See State v. Jalette,* 119 R.I. 614, 627, 382 A.2d 526, 533 (1978); *see also Robinson,* 989 A.2d at 980; *State v. Coningford,* 901 A.2d 623, 627 n. 5 (R.I.2006); *State v. Tobin,* 602 A.2d 528, 531–32 (R.I.1992).

er. That was the statement of the complaining witness. Therefore, there was no reason for the defendant to conduct any investigation of, let's say, the shower. * * * [Defense counsel] was prevented in large part from doing any investigation relative to the shower because of the information package."

On June 7, 2007, at the conclusion of the three-day trial (and after hearing the testimony of several other witnesses), the jury found Mr. Langstaff guilty of the one remaining count of second-degree child molestation sexual assault (*viz.,* count 1, concerning the alleged June 2000 incident). Thereafter, defendant filed a motion for a new trial, which motion was denied by the trial justice. On September 7, 2007, defendant was sentenced to fifteen years imprisonment, six years to serve (with credit for time served) and nine years suspended, with probation. The defendant filed a timely notice of appeal.

On appeal, defendant contends that the trial justice erred in allowing testimony with respect to the alleged 2001 shower incident, since the prosecution did not disclose a significant aspect of this potential evidence until the second day of trial[6]— the very day on which the prosecution was permitted to present that testimony to the jury.[7]

## II

### Standard of Review

 We have stated that "[t]his Court affords great deference to a trial justice's decision with respect to whether or not a violation of Rule 16 of the Superior Court Rules of Criminal Procedure * * * has occurred, and it will not disturb that ruling on appeal unless he or she has committed clear error." *State v. Diefenderfer,* 970 A.2d 12, 23 (R.I.2009) (internal quotation marks omitted); *see also State v. Espinal,* 943 A.2d 1052, 1062 (R.I.2008) ("The standard of review applicable to a trial justice's determination of whether or not there was a Rule 16 violation is extremely narrow: we will overturn a trial justice's ruling only if he or she has committed clear error."); *State v. McManus,* 941 A.2d 222, 229 (R.I. 2008); *State v. Motyka,* 893 A.2d 267, 280 (R.I.2006); *State v. Briggs,* 886 A.2d 735, 755 (R.I.2005). It must also be remembered, however, that the trial justice's discretion under Rule 16 "is limited, bounded by law, and reviewable." *State v. Coelho,* 454 A.2d 241, 245 (R.I.1982); *see also State v. Stravato,* 935 A.2d 948, 951 (R.I.2007); *State v. Oster,* 922 A.2d 151, 163 (R.I.2007).

## III

### Analysis

 This Court has stated that the "overarching purpose of Rule 16 is to ensure that criminal trials are fundamentally fair." *Briggs,* 886 A.2d at 754 (internal quotation marks omitted); *see also McManus,* 941 A.2d at 229; *State v. Gordon,* 880 A.2d 825, 832 (R.I.2005). We have further noted that the "primary purposes of the rule are to eliminate surprise at trial and to ensure that both parties receive the fullest possible presentation of the facts prior to trial." *State v. Garcia,* 643 A.2d

---

**6.** The defendant does not explicitly cite to Rule 16 of the Superior Court Rules of Criminal Procedure in his memoranda submitted to this Court. It is clear, however, that defendant has challenged the prosecution's failure to disclose a significant portion of its evidence concerning the shower incident as the primary basis for his appeal. *See* Rule 16.

**7.** The defendant also contends on appeal that the trial justice erred in denying his motion for a new trial, which motion was in essence an attack on the credibility of the complaining witness. Because we consider the issue concerning belated disclosure to be dispositive, we need not address this alternative contention.

180, 186 (R.I.1994) (internal quotation marks omitted); *see also State v. Concannon,* 457 A.2d 1350, 1353 (R.I.1983). In accordance with these primary purposes, "Rule 16(a)(8) obligates the state to provide all written and recorded verbatim statements, signed or unsigned, of those people the state expects to call as witnesses." *McManus,* 941 A.2d at 229.

Pursuant to Rule 16, defendant submitted a motion for discovery and inspection to the prosecution on December 20, 2005, and the prosecution responded by providing defendant with an information package. This information package did refer to the shower incident, but there was no mention of any alleged sexual contact in the shower. However, as we have previously indicated, on the morning of the second day of trial, the prosecution presented defendant with a supplemental answer to discovery, which indicated that the prosecution intended to produce evidence of a far more offensive character—not just that father and daughter had allegedly showered together, but rather that there allegedly had been sexual contact in the shower. Defense counsel was understandably surprised and unprepared as to how to proceed relative to this new evidence. *See State v. Darcy,* 442 A.2d 900, 902 (R.I.1982) (stating that, where a prosecutor had failed to disclose an inculpatory statement by the defendant prior to trial, "defense counsel was not prepared to counter the inculpatory evidence by way of cross-examination or otherwise").

On appeal, defendant contends that the trial justice clearly erred in permitting the introduction of testimony concerning the alleged sexual touching in the shower in 2001. In support of his contention, defendant states that "this evidence was never disclosed and that failure to disclose constituted a discovery violation as acknowl-edged by and ruled upon by the trial justice in dismissing Count 2."

While we certainly agree that the trial justice properly granted defendant's motion for a judgment of acquittal relative to count 2 on the basis of the untimely disclosure relative to the alleged sexual contact in the shower, it is our opinion that he clearly erred in allowing this evidence to be introduced as Rule 404(b) evidence. Since the prosecution did not disclose this evidence to defendant until the morning of the second day of trial, it was plainly inadmissible during that trial—whether as part of the prosecution's case-in-chief or as Rule 404(b) evidence.

The prosecution contends that it should not be faulted for the belated disclosure of this evidence. The prosecution has represented (and we have absolutely no reason to doubt that representation) that it was only on the eve of trial that it learned that Chelsea's "testimony would not track her witness statement regarding the shower incident"—in other words, it was only at that late date that the prosecution learned that, unlike what Chelsea had said in her prior statements to the police, she would testify at trial about her having had sexual contact with defendant in the shower in the Summer of 2001. The prosecution further points to the fact that, in accordance with its ongoing discovery obligations, it supplemented its discovery before Chelsea took the stand.[8] While we agree that there is no indication in the record that the prosecution deliberately withheld information as to Chelsea's testimony regarding the shower incident, it is our judgment that it was clear error for the trial justice to have permitted the introduction of this evidence for any purpose just a few short hours after defendant was apprised of it. *See Darcy,* 442 A.2d at 903.

8. *See* Rule 16(h); *State v. Grayhurst,* 852 A.2d 491, 503 (R.I.2004).

The admission of Chelsea's testimony as to alleged sexual contact in the shower in 2001, which allegation was disclosed in an untimely manner, made it difficult for defense counsel to effectively represent his client at that trial, since he was understandably unprepared to counter such damaging evidence. *See State v. Evans,* 668 A.2d 1256, 1259 (R.I.1996); *see also State v. Gonzalez,* 923 A.2d 1282, 1286 (R.I.2007); *State v. Scurry,* 636 A.2d 719, 725 (R.I.1994). The predicament in which defense counsel found himself as a result of the admission of this evidence under Rule 404(b) is exactly the type of situation that Rule 16 was designed to prevent. *See Garcia,* 643 A.2d at 186; *Concannon,* 457 A.2d at 1353. Accordingly, we agree with the defendant's contention that it was clear error for the trial justice to have admitted this evidence, and such error warrants a new trial.

## IV

### Conclusion

For the reasons stated in this opinion, we vacate the judgment of conviction and remand the case to the Superior Court for a new trial. The record may be returned to that tribunal.

Justice INDEGLIA took no part in the consideration or decision of this appeal.