**Supreme Court**

No. 2013-98-C.A.

(P2/11-447B)

State                  :

v.                    :

Pedro Marte.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

v.                               :

Pedro Marte.                       :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**   The defendant, Pedro Marte, appeals from a Superior Court judgment of conviction for possession with intent to deliver cocaine.  After a jury trial, the defendant was sentenced to a term of ten years at the Adult Correctional Institutions, with two years to serve, and eight years suspended.  On appeal, the defendant argues that the trial justice erred: (1) by not excluding evidence that the defendant was carrying cash at the time of his arrest; and (2) in denying the defendant any remedy for the state's late disclosure of that evidence.   This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On September 13, 2010, at approximately 8 p.m., two Providence police detectives observed a vehicle idling in the parking lot of a Wendy's restaurant at the corner of Public and

Eddy Streets in the City of Providence. Detective Kristopher Poplaski and his partner, Det. Patrick Potter, testified that there were two occupants in the vehicle, one of whom—passenger Seth McGough—was using a cell phone. Detective Poplaski testified that he observed a Nissan drive into the lot a short time later. The driver, whom Det. Poplaski identified as defendant, was also talking on a cell phone. According to Det. Poplaski, defendant pulled into the parking space next to McGough and then pulled back out of the space and drove out of the parking lot, towards Public Street. Detective Poplaski testified that McGough's vehicle followed defendant's out of the lot and down Public Street. Detectives Poplaski and Potter followed the two vehicles as they turned onto Temple Street. Detective Poplaski testified that defendant's vehicle pulled over and parked on the side of the road, and McGough's vehicle pulled up and parked immediately behind it.

According to Det. Poplaski, McGough exited his car and entered the front passenger side of defendant's vehicle. At that point, Det. Poplaski recounted, Det. Potter drove by defendant's vehicle "very slowly." As their car drew alongside defendant's vehicle, Det. Poplaski observed McGough hand something to defendant and defendant hand something to McGough in what he characterized as "a transaction that occurred very quickly." The detectives exited their vehicle; and although Det. Potter arrested defendant immediately, McGough fled on foot. Detective Poplaski pursued McGough and witnessed as he placed something in his mouth. As he approached McGough, Det. Poplaski recalled that he directed McGough to "spit it out." According to Det. Poplaski, McGough spit two clear plastic bags of suspected cocaine onto the

ground. The substance in the bags was weighed and tested and determined to be 3.1 grams of cocaine.[1]

Mr. McGough testified that, on the night of September 13, he was "[l]ooking to purchase drugs." He recalled that, as he sat in the Wendy's parking lot, he made the call to arrange to meet someone there to buy $100 worth of cocaine. Mr. McGough testified that, after getting into defendant's vehicle, he purchased an "eight ball of cocaine" from defendant for approximately $100.[2]

The defendant was charged with unlawful delivery of a controlled substance (cocaine) in violation of G.L. 1956 § 21-28-4.01(a)(4)(i). On the morning that his trial was to begin, the state notified defendant that it intended to question one of the detectives about the contents of defendant's wallet at the time of arrest. The state averred that it had only received the information "[fifteen] minutes ago," and that it consisted of the inventory of items in defendant's possession upon arrest—a wallet and $185 cash. The money was neither seized nor photographed, because department policy was to not seize any amount below $300. The defendant made a motion in limine to exclude this evidence, arguing that it was a violation of Rule 16 of the Superior Court Rules of Criminal Procedure and that it constituted an unfair surprise.[3] The trial justice ruled that the state's late disclosure was not a violation of Rule 16.

---

[1] Mr. McGough later pled nolo contendere to one count of possession of cocaine and two counts of simple assault, for which he received eighteen months of probation and 100 hours of community service. One count of resisting arrest was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

[2] According to Det. Poplaski, an eight ball of cocaine is 3.5 grams and can be worth anywhere between $100 and $150.

[3] This Court has stated that Rule 16 of the Superior Court Rules of Criminal Procedure requires the state to turn over "prior recorded statements, a summary of their expected trial testimony, and any records of the[] prior convictions" of any witnesses the state intends to call at trial. State v. Huffman, 68 A.3d 558, 568 (R.I. 2013) (quoting DeCiantis v. State, 24 A.3d 557, 570 (R.I. 2011)).

Accordingly, he declined to "suppress" the evidence, but he allowed defendant a brief adjournment in order to decide whether to accept the state's plea offer or proceed with trial.

At the conclusion of the trial, the state represented to the court that, during the brief adjournment, the state came to an agreement with defendant to not ask how much money was found on him. There was testimony that defendant had cash on him at the time of the arrest and that it was not seized because it was less than $300, but no amount was named. On April 23, 2012, the jury found defendant guilty, and he was sentenced on July 2, 2012. On July 12, 2012, defendant timely appealed.

## II

## Standard of Review

"We review the grant or denial of a motion in limine for an abuse of discretion." Fravala v. City of Cranston ex rel. Baron, 996 A.2d 696, 702 (R.I. 2010). "When reviewing a determination of whether a Rule 16 violation occurred, this Court applies a narrow standard of review: 'the trial justice must have committed clear error.'" State v. Farley, 962 A.2d 748, 752-53 (R.I. 2009) (quoting State v. Stravato, 935 A.2d 948, 951 (R.I. 2007)). "The discovery ruling of a trial justice 'will not be overturned absent a clear abuse of discretion.'" Id. at 753 (quoting Stravato, 935 A.2d at 951).

## III

## Discussion

On appeal, defendant argues that the trial justice erred by denying him any remedy for the state's last-minute disclosure that cash was found on him at the time of arrest. The defendant asserts that, because the cash was not listed in the seizure report, the disclosure was an unfair

surprise that was highly prejudicial, and that the trial justice erred by not granting his motion in limine.

Rule 16(a) requires the state to provide discovery to defendant of evidence "the existence of which is known, or by the exercise of due diligence may become known to the attorney for the State." Rule 16(h) provides that the state has a continuing duty to disclose such evidence; "[i]f, subsequent to compliance with a request for discovery * * * and prior to or during trial, a party discovers additional material previously requested which is subject to discovery or inspection under this rule, he or she shall promptly notify the other party of the existence thereof."

Just prior to trial, the state disclosed to defendant that an inventory of items in his "traps"[4] on September 13 listed "cash, $185." Counsel for the state represented to the court that he received the information "this morning about 15 minutes ago." The defendant did not contend that the late disclosure was intentional.

"A trial justice considering an alleged discovery violation pursuant to Rule 16 * * * should examine four factors: (1) the reason for the nondisclosure; (2) the prejudice to the other party; (3) whether or not a continuance can rectify any such prejudice; and (4) any other relevant factors." State v. Grant, 946 A.2d 818, 828 (R.I. 2008). The trial justice accepted the state's representation that the late disclosure was not intentional, and he next considered whether defendant was prejudiced by the information. In response to the trial justice's questioning, defense counsel stated that "possibly it would have changed the structure of the entire case, whether or not it would have gone to trial * * * ." The defendant's counsel asserted that it was her understanding that there "was no money here" because it was not included in the seizure

---

[4] During his testimony, Det. Potter offered this explanation of a "traps bag": "It's property -- when you're arrested, any property that you have on you can't go into the cell with you, so it's placed in a bag, sealed and labeled * * * just to identify what you have * * *."

report. Counsel conceded that she was aware of McGough's statement that he had paid money to defendant.

The trial justice found that there was no violation, stating:

> "From a legal point of view, I don't believe there's a legal basis upon which I am required to suppress the evidence. Since there was no specific indication that there was no money found, and the defendant, through counsel, had notice of what the codefendant alleged that he, in fact, paid money, I can't find as a matter of law it's a Rule 16 violation."

Despite finding no violation, the trial justice then allowed a short recess, during which the parties spoke and came to an agreement that the state would not ask how much money was in defendant's possession and that testimony regarding the cash would be limited to the fact that there was money and it was less than $300.

We have stated that "the trial justice is in the best position to evaluate whether any prejudice has resulted from noncompliance with discovery motions." Grant, 946 A.2d at 828 (quoting State v. Evans, 668 A.2d 1256, 1259 (R.I. 1996)). Here, after the trial justice granted a brief recess, the parties reached an agreement. Detective Potter then testified that defendant had cash, but that it was not seized, and that it was less than $300. Further, Det. Potter testified that "we never seize less than $300." The jury, therefore, could not know whether defendant's wallet contained one dollar or some other amount up to $299.

Given our deferential standard of review, we find no clear error on the part of the trial justice. The fact that the defendant had some amount of cash on his person at the time of arrest is not unfairly prejudicial; and, indeed, jurors may likely suppose that most people have some amount of cash in their wallets at any given time. Accordingly, it was not an abuse of discretion for the trial justice to deny the defendant's motion in limine.

- 6 -

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet



**TITLE OF CASE:**        State v. Pedro Marte.

**CASE NO:**              No. 2013-98-C.A.
                         (P2/11-447B)

**COURT:**                Supreme Court

**DATE OPINION FILED:**   May 30, 2014

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**           Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                         Presiding Justice Joseph F. Rodgers, Jr.

**ATTORNEYS ON APPEAL:**

                         For State:  Christopher R. Bush
                                      Department of Attorney General

                         For Defendant:  Thomas M. Dickinson, Esq.